Case: 1:25-cv-00579-DRC Doc #: 4 Filed: 08/13/25 Page: 1 of 14 PAGEID #: 105

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Wednesday, July 23, 2025 2:20:53 PM
CASE NUMBER: 2025 CV 03354 Docket ID: 392088275
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

Redacted by Clerk of Court

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| DONALD ZULANCH<br>182 Barrington Village Dr.<br>Xenia, OH 45385 | :<br>:<br>: | Case No. 2025 CV 03354 |
| Plaintiff, | :<br>: | Judge Susan D. Solle |
| v. | : | |
| FIFTH THIRD BANCORP<br>c/o Corporation Service Company,<br>Statutory Agent<br>1160 Dublin Road, Suite 400<br>Columbus, OH 43215 | :<br>:<br>:<br>:<br>: | **AMENDED COMPLAINT** |
| AND | : | |
| TRUIST BANK<br>c/o Corporation Service Company,<br>Statutory Agent<br>1160 Dublin Road, Suite 400<br>Columbus, OH 43215 | :<br>:<br>:<br>:<br>: | |
| AND | : | |
| ROBERT GLENN GARNER<br>248 Lakeview Drive SE<br>Cleveland, TN 37323 | :<br>:<br>: | |
| Defendants. | : | |

Now comes the Plaintiff, Donald Zulanch ("Don Zulanch"), and for his Amended Complaint against the Defendants, Fifth Third Bancorp, Truist Bank and Robert Glenn Garner, states as follows:

1

## PARTIES AND JURISDICTION

1. Plaintiff Don Zulanch is an individual, residing at 182 Barrington Village Dr., Xenia, OH 45385.

2. Defendant, Fifth Third Bancorp ("Fifth Third Bank") is a bank chartered by the Office of the Comptroller of the Currency in Washington, D.C. and its registered agent in Ohio is Corporation Service Company located at 1160 Dublin Road, Suite 400, Columbus, OH 43215.

3. Defendant, Truist Bank is a bank chartered by the Office of the Comptroller of the Currency in Washington, D.C. and its registered agent in Ohio is Corporation Service Company located at 1160 Dublin Road, Suite 400, Columbus, OH 43215.

4. Defendant Robert Glenn Garner is an individual, who resides at 248 Lakeview Drive SE Cleveland, TN 37323.

5. Jurisdiction is proper in this Court.

6. Venue is proper in this Court pursuant to Civ. R. 3(C)(3) and/or (6).

## FACTS

7. Plaintiff restates each and every allegation contained in the preceding paragraphs as if fully restated herein.

8. At all times relevant herein, Plaintiff maintained a checking account with Fifth Third Bank.

9. In January of 2025, Plaintiff wrote four checks to Defendant Garner, totaling $105,500.00.

10. On February 6, 2025, Plaintiff wrote another check to Defendant Garner in the amount of $25,000.00.

11. The checks written by Plaintiff to Defendant Garner represented loans and/or payments to Defendant Garner, pursuant to a crypto-currency investment scheme that was ran by Defendant Garner.

12. Defendant Garner deposited all five of the checks written by Plaintiff into Defendant Garner's checking account at Truist Bank.

13. On February 27, 2025, Defendant Garner purchased a cashier's check from Truist Bank in the amount of $100,000.00.

14. A true and accurate copy of the cashier's check is attached hereto as Exhibit "A."

2

15. The cashier's check that was made payable to Plaintiff represented a partial repayment of the monies that were sent by Plaintiff to Defendant Garner on the dates set forth above.

16. Upon information and belief, Defendant Garner remains in possession of $25,500.00 that rightfully belongs to Plaintiff.

17. On February 28, 2025, Defendant Garner delivered the cashier's check to Plaintiff.

18. On February 28, 2025, Plaintiff visited the Fifth Third branch located at 4120 Far Hills Avenue, Dayton, OH 45429 (the "Branch").

19. On February 28, 2025, Plaintiff endorsed and presented a cashier's check in the amount of $100,000.00 at the Branch for deposit into Plaintiff's checking account.

20. At all times relevant herein, Plaintiff was entitled to enforce the cashier's check as a holder in due course, pursuant to UCC 3-302 (R.C. § 1303.32).

21. The Branch accepted the cashier's check from Plaintiff for deposit into Plaintiff's Fifth Third checking account.

22. Upon acceptance of the cashier's check, Defendant Fifth Third became entitled to enforce the cashier's check against Defendant Truist Bank as a holder in due course and became obligated to pay Plaintiff the amount of $100,000.00, in accordance with UCC 3-413 (R.C. § 1303.53).

23. Upon information and belief, Defendant Fifth Third presented the cashier's check to Defendant Truist Bank, requesting payment in the amount of $100,000.00.

24. Defendant Truist Bank did not notify Defendant Fifth Third that the cashier's check had been dishonored, nor did Defendant Truist Bank notify Defendant Fifth Third that the cashier's check was forged or fraudulent.

25. Defendant Truist Bank made payment to Defendant Fifth Third in the amount of $100,000.00.

26. Defendant Fifth Third received payment for the cashier's check from Defendant Truist Bank in the amount of $100,000.00, as demonstrated by the communication attached hereto as Exhibit "B."

27. Approximately one month after Defendant Fifth Third received payment for the cashier's check from Truist Bank, Defendant Fifth Third deducted $100,000.00 from the Plaintiff's checking account without Plaintiff's permission or consent.

28. Defendant Fifth Third notified Plaintiff that the funds had been deducted from Plaintiff's checking account at the request of Defendant Truist Bank "due to concerns about the validity of the funds."

3

29. On April 8, 2025, Defendant Fifth Third confirmed that Plaintiff's funds had been transferred into a "holding account" and would only be released back to Defendant Truist Bank. A true and accurate copy of that communication is attached hereto as Exhibit "C."

30. Plaintiff made a demand upon Defendant Fifth Third to return the funds that were wrongfully deducted from Plaintiff's account, however, Defendant Fifth Third has failed and refused to return the funds.

31. Upon information and belief, at the request or demand of Defendants Truist Bank and/or Robert Garner, Defendant Fifth Third sent the proceeds from the cashier's check back to Defendant Truist Bank on or about May 19, 2025.

32. Upon information and belief, Defendant Fifth Third entered into a Hold Harmless Agreement with Defendant Truist Bank, whereby Defendant Truist Bank agreed to indemnify and defend Defendant Fifth Third from and against all claims related to the cashier's check.

## COUNT I
## CONVERSION

33. Plaintiff restates each and every allegation contained in the preceding paragraphs as if fully restated herein.

34. Plaintiff is the legal and rightful owner of the funds obtained by Defendant Fifth Third pursuant to the cashier's check that was endorsed, presented and accepted by Defendant Fifth Third on February 28, 2025.

35. With knowledge that Plaintiff is the legal and rightful owner of the funds obtained by Defendant Fifth Third, said Defendant wrongfully and maliciously exercised dominion and control over Plaintiff's funds by, among other things, deducting the amount of $100,000.00 from Plaintiff's checking account with his authorization or consent.

36. Upon information and belief, Defendants Fifth Third, Truist Bank and Robert Garner further wrongfully exercised dominion and control over Plaintiff's funds by, among other things, taking the $100,000.00 that was withdrawn from Plaintiff's account and sending it to Defendants Truist Bank and Robert Garner.

37. Upon information and belief, Defendants Fifth Third, Truist Bank and Robert Garner continue to wrongfully exercise dominion and control over Plaintiff's funds.

38. As a direct and proximate result of the Defendants' wrongful conversion of Plaintiff's funds, Plaintiff has been damaged in an amount in excess of $25,000.00, the exact amount to be proven at trial.

## COUNT II
## BREACH OF CONTRACT

39. Plaintiff restates each and every allegation contained in the preceding paragraphs as if fully restated herein.

40. Plaintiff opened a checking account with Defendant Fifth Third in 1980.

41. Plaintiff and Defendant entered into a written agreement at the time Plaintiff's checking account was opened. A copy of that agreement is not attached to this Complaint, as Plaintiff does not have a copy of the agreement in his possession.

42. At all times relevant herein, there existed a valid, enforceable agreement between Plaintiff and Defendant that was governed by certain applicable provisions of the Uniform Commercial Code ("UCC").

43. As set forth above, Defendant Fifth Third received final settlement for the cashier's check from Truist Bank on or about February 28, 2025.

44. Upon receipt of final settlement for the cashier's check from Truist Bank pursuant to UCC 4-214 (R.C. § 1304.24), Defendant Fifth Third forfeited its right to charge-back, deduct and/or withdraw the proceeds from the cashier's check from Plaintiff's account.

45. Defendant breached its contractual agreement with Plaintiff when it unilaterally and wrongfully removed funds from Plaintiff's checking account after receiving final settlement for the cashier's check from Truist Bank.

46. As a direct and proximate result of the Defendant's breach, Plaintiff has been damaged in an amount in excess of $25,000.00, the exact amount to be proven at trial.

## COUNT III
## UNJUST ENRICHMENT

47. Plaintiff restates each and every allegation contained in the preceding paragraphs as if fully restated herein.

48. Defendants Robert Garner and Truist Bank have received a benefit, obtained through unauthorized and/or fraudulent means, in the form of funds that were withdrawn from Plaintiff's checking account by Defendant Fifth Third Bank.

49. Defendants Robert Garner and Truist Bank have knowledge of this benefit, obtained through unauthorized and fraudulent means, as the Defendants requested that the Defendant Fifth Third Bank withdraw the funds from Plaintiff's checking account and send them back to Truist Bank.

50. Defendants Robert Garner and Truist Bank have been put on notice of this benefit, obtained through unauthorized and fraudulent means, as the Plaintiff has made multiple requests for the funds to be restored to his checking account.

51. As such, Defendants Robert Garner and Truist Bank will be unjustly enriched if allowed to retain the funds in their possession received through unauthorized and/or fraudulent means.

52. As a direct and proximate result of said unjust enrichment, Plaintiff has been damaged in an amount in excess of $25,000.00, the exact amount to be proven at trial.

## COUNT IV
## BREACH OF ORDINARY CARE (R.C. § 1304.03)

53. Plaintiff restates each and every allegation contained in the preceding paragraphs as if fully restated herein.

54. At all times relevant herein, Defendant Fifth Third was a "collecting bank" as that term is defined in R.C. 1304.01(B)(5).

55. At all times relevant herein, Plaintiff was a holder in due course, as defined by R.C. § 1303.32, and a customer of Defendant Fifth Third.

56. Defendant Fifth Third owed a duty of ordinary care to Plaintiff to comply with the provisions set forth in R.C. § 1304.07 – R.C. § 1304.26.

57. Defendant Fifth Third breached its duty of ordinary care to Plaintiff by violating one or more the provisions contained in R.C. § 1304.12, 1304.20, 1304.21, 1304.24 and/or 1304.25.

58. Specifically, Defendant Fifth Third breached its duty of care to Plaintiff by, among other things, deducting the proceeds from the cashier's check from Plaintiff's account after the Defendant Fifth Third received provisional or final settlement for the cashier's check from Truist Bank.

59. Upon information and belief, Defendant Fifth Third also breached its duty of care to Plaintiff by sending $100,000.00 of Plaintiff's funds back to Defendant Truist Bank without having any legal right to do so.

60. Defendant Fifth Third acted maliciously and in bad faith by withdrawing the amount of $100,000.00 from Plaintiff's account after receiving provisional or final settlement from Truist Bank for the cashier's check without having any legal right to do so.

61. As a direct and proximate result of the Defendant's breach, Plaintiff has been damaged in an amount in excess of $25,000.00, the exact amount to be proven at trial.

6

## COUNT V
## REFUSAL TO PAY CASHIER'S CHECK (R.C. § 1303.51)

62. Plaintiff restates each and every allegation contained in the preceding paragraphs as if fully restated herein.

63. On or about February 28, 2025, Plaintiff received and became the holder of a cashier's check in the amount of $100,000.00, issued by Defendant Truist Bank and made payable to Plaintiff.

64. Plaintiff deposited the cashier's check into his account with Defendant Fifth Third Bank and the check was accepted for deposit and provisionally or finally credited.

65. Thereafter, at the request or demand of Defendant Truist Bank, the funds were removed from Plaintiff's account and the check was effectively dishonored or charged back.

66. Under R.C. § 1303.51(B), a cashier's check is the direct obligation of the issuing bank, and the bank may not refuse to pay the instrument unless there is a valid legal justification, such as a fraud or forged instrument defense, which does not apply here.

67. Plaintiff was entitled to payment of the cashier's check upon presentment and fulfilled all requirements for negotiating the instrument.

68. The refusal by Defendant Truist Bank to honor the cashier's check constitutes a wrongful dishonor under R.C. §1303.51(B).

69. As a direct and proximate result of the Defendant's breach of the covenants set forth in R.C. § 1303.51, Plaintiff has been damaged in an amount in excess of $25,000.00, the exact amount to be proven at trial.

## COUNT VI
## BREACH OF 12 C.F.R. § 229.38 -- FIFTH THIRD BANK

70. Plaintiff restates each and every allegation contained in the preceding paragraphs as if fully restated herein.

71. Plaintiff deposited a cashier's check in the amount of $100,000 into his account at Defendant Fifth Third Bank on or about February 28, 2025.

72. Upon deposit, Defendant Fifth Third made the funds available to Plaintiff, either through provisional or final credit.

73. Subsequently, Defendant Fifth Third Bank withdrew the $100,000.00 from Plaintiff's account and returned the funds to Defendant Truist Bank, the issuer of the cashier's check, without proper basis or authorization.

7

74. 12 CFR § 229.38 governs the liability of banks in the check collection and return process, including their obligations to act in good faith and with ordinary care, and outlines the scope of responsibility for losses caused by failures to comply with the regulation.

75. Defendant violated 12 CFR §229.38 by, among other things: (1) failing to exercise ordinary care and good faith in processing Plaintiff's deposit and the subsequent withdrawal; (2) improperly returning or reversing a cashier's check not subject to stop payment or return (3) failing to notify Plaintiff with required information under 12 CFR §§229.33 and 229.35, which are incorporated into §229.38 liability provisions.

76. As a direct and proximate result of Defendant Fifth Third Bank's violations, Plaintiff has been damaged in an amount in excess of $25,000.00, the exact amount to be proven at trial.

## COUNT VII
## BREACH OF 12 C.F.R. § 229.38 – TRUIST BANK

77. Plaintiff restates each and every allegation contained in the preceding paragraphs as if fully restated herein.

78. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

79. Defendant Truist Bank was the issuer and payor bank for the cashier's check in the amount of $100,000, made payable to Plaintiff and duly deposited into Plaintiff's account.

80. A cashier's check constitutes the bank's own obligation and is not subject to stop payment or dishonor except in very limited circumstances.

81. Defendant Truist Bank wrongfully demanded return of the funds from Defendant Fifth Third, asserting baseless or unproven allegations of error or fraud.

82. Defendant Truist Bank failed to comply with its obligations under Regulation CC and 12 CFR § 229.38, by, among other things: (1) engaging in a wrongful chargeback of a cashier's check not legally returnable; (2) acting in bad faith and without ordinary care in initiating or compelling the return of the check; (3) causing harm to Plaintiff through negligent or wrongful collection and return practices.

83. As a direct and proximate result of Defendant Truist Bank's violations, Plaintiff has been damaged in an amount in excess of $25,000.00, the exact amount to be proven at trial.

8

**WHEREFORE**, Plaintiff, Donald Zulanch, demands judgment against Defendants Fifth Third Bank, Truist Bank and Robert Garner, as follows:

A. for Count I, conversion against Defendants Fifth Third Bank, Truist Bank and Robert Garner, compensatory damages in an amount in excess of $25,000.00, the exact amount to be determined at trial;

B. for Count II, breach of contract against Defendant Fifth Third Bank, compensatory damages in an amount in excess of $25,000.00, the exact amount to be determined at trial;

C. for Count III, unjust enrichment against Defendants Truist Bank and Robert Garner, compensatory damages in an amount in excess of $25,000.00, the exact amount to be determined at trial;

D. for Count IV, breach of ordinary care against Defendant Fifth Third Bank, compensatory damages in an amount in excess of $25,000.00, the exact amount to be determined at trial, plus consequential damages in an amount to be determined at a proper hearing;

E. for Count V, wrongful refusal to pay cashier's check in accordance with R.C. § 1303.51 against Defendant Truist Bank, compensatory damages in an amount in excess of $25,000.00, the exact amount to be determined at trial, plus consequential damages in an amount to be determined at a proper hearing;

F. for Count VI, violation of 12 C.F.R. § 229.38 against Defendant Fifth Third Bank, compensatory damages in an amount in excess of $25,000.00, the exact amount to be determined at trial, plus consequential damages in an amount to be determined at a proper hearing;

G. for Count VII, violation of 12 C.F.R. § 229.38 against Defendant Truist Bank, compensatory damages in an amount in excess of $25,000.00, the exact amount to be determined at trial, plus consequential damages in an amount to be determined at a proper hearing

H. for all counts, the imposition of a constructive trust that restricts Defendants Fifth Third Bank, Truist Bank and Robert Garner from further transferring, refunding or otherwise disposing of the proceeds from the cashier's check as described above;

I. for all counts, an award of reasonable attorney fees;

J. for all counts, an award of court costs and other costs as permitted by law;

K. for all counts, any other relief in law or equity that this Court may deem just and proper.

Respectfully Submitted,

*/s: John H. Stachler*
John H. Stachler (#0064130)
Matthew T. Tipton (#0088307)
Adam M. Pitchel (#0097982)
STACHLERHARMON
7810 McEwen Road, Suite B
Dayton, OH 45459
Phone:  937.461.5901
Fax:  937.461.5981
john@stachlerharmon.com
matt@stachlerharmon.com
adam@stachlerharmon.com
*Attorneys for Plaintiff*

| TRUIST | Official Check | 4144 |
|---|---|---|

Purchaser  ROBERT GLENN GARNER

Date  February 27, 2025

Cost Center  2741201

Pay  ONE HUNDRED THOUSAND DOLLARS and 00 CENTS   $100000.00

To the Order of  Don Zulanch

Truist Bank is an Authorized Agent

Truist Bank

Memo

*Authorized Signature*

Payable at Truist Bank

⑈530424144⑈  ⑆051402369⑆  134000762219 7⑈

Exhibit A

**From:** "Garlough, Kristin" <Kristin.Garlough@53.com>
**Date:** March 18, 2025 at 12:05:57 PM EDT
**To:** dzulanch@gmail.com
**Cc:** "Rowe, Brooke" <Brooke.Rowe@53.com>, jweprin@pselaw.com
**Subject: RE: Requested Contact Info**

Hi Donald,

I reached out to our fraud department for additional guidance on this situation. They are working with Truist Bank to return the funds per the request of Truist Bank's fraud department. According to Fifth Third's fraud department, the funds will only be released back to Truist and will not be available to you due to concerns about the validity of the funds.

They recommend you contact the person who issued the check, as they should work with their bank on this matter. Unfortunately, as Truist is initiating these requests, I don't have access to additional information on this matter.

Our fraud department will receive any updates as they come in. You can reach them at 800-546-6970, option 2.

We can provide you with a physical copy of the deposited check if you need it. Please let us know, and we'll make it available to you.

Please let me know if there is anything else we can assist with on this matter.

Thank you!

**Kristin Garlough**
*Financial Center Manager II | Officer*



Fifth Third Bank | 4120 Far Hills Ave| MD 324611 | Kettering, Ohio 45429
937.401.5716 | 937.299.1668 | fax 937.298.8682 | NMLS 1898153

# Exhibit B

1

**From:** Don Zulanch <dzulanch@gmail.com>
**Sent:** Tuesday, March 18, 2025 10:25 AM
**To:** Rowe, Brooke <Brooke.Rowe@53.com>; James Weprin <jweprin@pselaw.com>
**Subject:** Re: Requested Contact Info

Brooke. Any update on my check?? What do I do now??
Donald Zulanch

> On Mar 11, 2025, at 10:09 AM, Rowe, Brooke <Brooke.Rowe@53.com> wrote:
>
> Don,
>
> Good morning! Here is a brief summary of the discussion we had over the phone. The funds in the amount of $100k are still on hold because we have not heard back from Truist Bank to verify the funds. As far as your online banking access, our fraud department is requiring that you have your phone checked for malware by a geek squad. If you have already completed this step, you'll need to contact our fraud department so that they can reinstate your online banking access. Their phone number is 1-800-546-6970 and you'll want to select option 2. Please let me know if you have any additional questions.
>
> Thanks,
>
> **Brooke Rowe**
> Personal Banker II
>
> Fifth Third Bank | 4120 Far Hills Ave | MD 324511 | Dayton, Ohio 45429
> 937.299.1668 | fax: 937.299.8682 | NMLS # 2000930

This e-mail transmission contains information that is confidential and may be privileged. It is intended only for the addressee(s) named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.


This e-mail transmission contains information that is confidential and may be privileged. It is intended only for the addressee(s) named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

On Apr 8, 2025, at 11:19 AM, Rowe, Brooke <Brooke.Rowe@53.com> wrote:

Don,
      This email is meant to summarize our appointment on 04/08/2025 regarding the funds that were moved out of your account. After speaking with the fraud department, they were able to confirm that the funds are still at Fifth Third Bank in a holding account. We are still waiting to hear back from Truist bank. Truist bank needs to send us the Request Form in order for us to release those funds back to them.

Thanks,

**Brooke Rowe**
Personal Banker II

<image001.png> **Fifth Third Bank | 4120 Far Hills Ave** | MD 324511 | Dayton, Ohio 45429
937.299.1668 | fax: 937.299.8682 | NMLS # 2000930

This e-mail transmission contains information that is confidential and may be privileged. It is intended only for the addressee(s) named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

This e-mail transmission contains information that is confidential and may be privileged. It is intended only for the addressee(s) named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.

# Exhibit C

2